

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>LOUISIANA-PACIFIC INNER-SEAL™<br>SIDING LITIGATION | NO. 95-879-JO-LEAD<br><br>SPECIAL MASTER'S ORDER<br>ALLOWING ARBITRATION BY<br>CLASS MEMBER JOSEPH L. BARNES<br><br>(By Defendant LP Corporation) |

The undersigned Special Master hereby makes the following Findings of Facts and Conclusions of Law:

## FINDINGS OF FACT

1. On or about November 14, 2001, class member Joseph L. Barnes submitted his claim concerning his home in Sevierville, Tennessee ("Claim No. 175182") in the above-captioned LP siding national class action settlement.

2. The independent Claims Administrator (the "Claims Administrator") requested that Mr. Barnes' home be inspected by the Independent Adjuster (the "Adjuster"). On or about February 27, 2002, the Adjuster inspected Mr. Barnes' home and provided the results of that inspection to the Claims Administrator.

1- SPECIAL MASTER'S ORDER ALLOWING
ARBITRATION BY JOSEPH L. BARNES

3. On or about April 3, 2002, the Claims Administrator sent a letter to Mr. Barnes and enclosed his Calculation Worksheet, photographs of the inspection results, a video describing the replacement of LP siding, and a claim form for complete wall reimbursement. In its letter of April 3, 2002, the Claims Administrator expressly advised Mr. Barnes:

> After you receive your settlement payment, if you are dissatisfied with the amount of that payment, you can consider the arbitration option provided for in the Settlement. You should review the description of the Arbitration Process carefully before making a decision. You will have thirty days from the date you receive your settlement payment to elect to arbitrate. If you are considering replacing your siding, please be advised that if a claimant removes, alters or covers over any siding that would be involved in arbitration, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered or covered siding.

4. Mr. Barnes received the above-referenced letter dated April 3, 2002, from the Claims Administrator sometime after April 3, 2002.

5. During the period between April 1-3, 2002, Mr. Barnes removed and replaced the LP siding on his home. At that time, Mr. Barnes was unaware of the policy stating that if a claimant removes, alters or covers over any siding that would be involved in arbitration, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered or covered siding.

6. On or about October 1, 2004, the Claims Administrator sent a settlement check to Mr. Barnes in the amount of $872.42.

7. On or about November 1, 2004, Mr. Barnes returned his settlement check to the Claims Administrator, paid the required $300 arbitration fee, and elected arbitration. In his Election to Arbitrate form, Mr. Barnes stated, among other things, that: "All siding had to be removed and replaced costing me over $30,000."

8. On or about January 3, 2005, the Claims Administrator wrote to Ms. Denise Terry Stapleton, as counsel for Mr. Barnes, explaining that because Mr. Barnes had replaced his siding,

his Election to Arbitrate "has been rejected by the Claims Administrator." Mr. Barnes was then afforded an opportunity to appeal the decision of the Claims Administrator to the Special Master.

9. On or about January 25, 2005, Mr. Barnes, through his counsel Ms. Stapleton, appealed in writing to the Special Master.

10. On or about April 3, 2005, LP Corporation, through its counsel Michael H. Simon, responded in writing to Ms. Stapleton's letter of January 25.

11. On or about May 2, 2005, Mr. Barnes, through his counsel Ms. Stapleton, submitted "four time cards that reflect that the A.G. King Construction Company was working at Mr. Barnes' residence on April 1, 2, and 3, 2002." Mr. Barnes, through his counsel Ms. Stapleton, represented that Mr. Barnes did not receive the notice from the Claims Administrator dated April 3, 2002, until after his siding had been replaced. LP does not challenge that factual representation.

12. On June 3, 2005, a telephone hearing was conducted regarding Mr. Barnes' appeal to the Special Master. Participating in the telephone hearing were the undersigned Special Master, class member Joseph L. Barnes, Denise Terry Stapleton as counsel for Mr. Barnes, Michael H. Simon as counsel for LP Corporation, and Rachel Braun from the Office of the Claims Administrator. The telephone hearing was reported by court reporter Julie Walter. Class Counsel Christopher Brain was given prior notice of the hearing, but did not participate.

13. The Amendment to Settlement Agreement, dated April 26, 1996, and approved by the United States District Court for the District of Oregon, states in relevant part at § 9(i) that: "There will be no discovery in arbitration, other than inspection of premises and production of maintenance records."

14. On December 27, 1997, the Special Master issued his decision in the matter of *In re Arbitration Claim of Porter* (December 27, 1997). Like Mr. Barnes, Mr. Porter had replaced his siding before electing to arbitrate. In the *Porter* decision, the Special Master held that, for any class member with notice of this policy: "Any Claimant who elects arbitration but removes

3- SPECIAL MASTER'S ORDER ALLOWING
ARBITRATION BY JOSEPH L. BARNES

or destroys any of the Louisiana-Pacific Inner-Seal™ Siding that is to be involved in the arbitration will not be entitled to proceed to arbitration." *Porter* at 5 (citations omitted). The Special Master further stated in that matter:

> The issue then is whether the claimant Porter, who had notice of LP's right to inspection, was sent notice of the policy. If the answer is "yes," he will not be permitted to arbitrate his claim. If the answer is "no," he will be permitted to arbitrate his claim.

*Porter* at 4 (citations omitted)

15. On January 6, 1998, the Special Master issued Policy 21.1, which reads in part:

> If a claimant elects arbitration, LP has the right to inspect the LP siding on the claimant's premises. Accordingly, if a claimant intends to remove, alter or cover any of the claimant's LP siding before the arbitration hearing, the claimant must first notify LP of the claimant's intention. LP will then have a thirty-day period within which to complete its inspection. If the claimant removes, alters, or covers over any siding that is involved in the arbitration without providing LP with such advance notice, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered, or covered siding. As used in this policy, the term "alter" does not include routine maintenance, such as painting or caulking.
>
> Comment: This policy, which does not apply to Claims for Unreimbursed Repairs, shall apply only to arbitration claimants who have been sent notice of this policy. For Claimants who have not been sent notice of this policy, the right to arbitrate with respect to removed, altered, or covered siding shall be determined by the Special Master on a case by case [basis] . . . .
>
> \* \* \*
>
> A Claimant who believes that the structure in question is experiencing immediate and ongoing damage to the structure (other than damage to the siding itself) may request an exception to this policy from the Special Master. If authorized by the Special Master, such Claimant may proceed to arbitration provided that LP Corporation has reasonable notice of the removal or destruction of the siding in order to have the opportunity to conduct a full inspection.

4- SPECIAL MASTER'S ORDER ALLOWING
 ARBITRATION BY JOSEPH L. BARNES

## CONCLUSIONS OF LAW

16. Based upon the above-stated facts, Mr. Barnes is eligible to arbitrate Claim No. 175182 because he replaced his siding before he had notice of the policy stating that if a claimant removes, alters or covers over any siding that would be involved in arbitration, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered or covered siding.

17. Mr. Barnes' appeal from the decision of the Claims Administrator denying his eligibility to arbitrate Claim No. 175182 is allowed, and the decision of the Claims Administrator is reversed.

18. Pursuant to Fed. R. Civ. P. 53(g), any objections to this Order must be filed no later than 20 days from the time that a signed copy of this Order is served on the parties.

## STIPULATION OF THE PARTIES REGARDING ARBITRATION HEARING BY VIDEO-CONFERENCE

19. Based on the stipulation of Mr. Barnes and LP, through their respective counsel, made on the record during the telephone hearing held on June 3, 2005, Mr. Barnes' arbitration shall proceed by video-conference with LP being responsible for the payment of all expenses associated with obtaining video-conference facilities both in Oregon and in Tennessee.

IT IS SO ORDERED.

DATED this 9th day of June, 2005.

Hon. Richard L. Unis
Special Master

5- SPECIAL MASTER'S ORDER ALLOWING ARBITRATION BY JOSEPH L. BARNES

[09308-5303/PA051540.029]

# CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **SPECIAL MASTER'S ORDER ALLOWING ARBITRATION BY CLASS MEMBER JOSEPH L. BARNES** on the following persons by causing to be deposited in the U.S. mail true copies thereof:

Hon. Richard L. Unis
Special Master, LP Siding Litigation
P.O. Box 3240
Portland, OR 97208-3240
Telephone: (503) 669-7286
Fax: (503) 669-7750
   Special Master

Christopher I. Brain
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992
   Class Counsel

Denise Terry Stapleton
Terry, Terry and Stapleton
918 West First North Street
Post Office Box 724
Morristown, TN 37815-0724
Telephone: (423) 586-5800
Fax: (423) 587-4714
   Attorney for Joseph L. Barnes

LP Siding Litigation Claims Administrator
Attn.: Rachel Braun
LP Siding Litigation
P.O. Box 3240
Portland, OR 97208-3240
Telephone: (503) 350-5285
Fax: (503) 350-5890
   Independent Claims Administrator

DATED this 9th day of June, 2005.

PERKINS COIE LLP

By: _____
Michael H. Simon, OSB No. 86090

Attorneys for LP Corporation

1- CERTIFICATE OF SERVICE

[09308-5303/PA051540.029]