


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>LOUISIANA-PACIFIC INNER-SEAL™<br>SIDING LITIGATION | NO. 95-879-JO-LEAD<br><br>SPECIAL MASTER'S ORDER<br>DENYING ARBITRATION<br>ELIGIBILITY OF CLASS MEMBERS<br>DAVID AND MARILYN CRAIG<br><br>(By Defendant LP Corporation) |

The undersigned Special Master hereby makes the following Findings of Facts and Conclusions of Law:

## FINDINGS OF FACT

1.  On or about April 19, 2000, class members David and Marilyn Craig ("the Craigs") submitted their claim concerning their home in Noblesville, Indiana ("Claim No. 158001") in the above-captioned LP siding national class action settlement.

2.  The independent Claims Administrator ("Claims Administrator") requested that the Craigs' home be inspected by the Independent Adjuster ("Adjuster"). The Adjuster inspected the Craigs' home and provided the results of that inspection to the Claims Administrator on or about June 21, 2000.

1- SPECIAL MASTER'S ORDER DENYING
 ARBITRATION ELIGIBILITY (CRAIG CLAIM)

3. On or about July 12, 2000, the Claims Administrator sent a letter to the Craigs and enclosed their Calculation Worksheet, photographs of their inspection results, a video describing the replacement of LP siding, and a claim form for complete wall reimbursement. In its letter of July 12, 2000, the Claims Administrator expressly told the Craigs:

> After you receive your settlement payment, if you are dissatisfied with the amount of that payment, you can consider the arbitration option provided for in the Settlement. You should review the description of the Arbitration Process carefully before making a decision. You will have thirty days from the date you receive your settlement payment to elect to arbitrate. If you are considering replacing your siding, please be advised that if a claimant removes, alters or covers over any siding that would be involved in arbitration, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered or covered siding.

4. The Craigs received the above-quoted letter from the Claims Administrator dated July 12, 2000, in or about that time period.

5. In September 2002, the Craigs removed and replaced the LP siding on their home.

6. On or about October 1, 2004, the Claims Administrator sent a settlement check to the Craigs in the amount of $6,745.94.

7. On or about October 24, 2004, the Craigs returned their settlement check to the Claims Administrator, paid the required $300 arbitration fee, and elected arbitration. In their Election to Arbitrate form, the Craigs stated, among other things, that their "[s]iding has been replaced."

8. On or about January 3, 2005, the Claims Administrator wrote to the Craigs, explaining that because the Craigs had replaced their siding, their Election to Arbitrate "has been rejected by the Claims Administrator." The Craigs were then afforded an opportunity to appeal the decision of the Claims Administrator to the Special Master.

9. On or about January 14, 2005, the Craigs, through their counsel D. Jeff Hartling, appealed in writing to the Special Master.

2- SPECIAL MASTER'S ORDER DENYING
   ARBITRATION ELIGIBILITY (CRAIG CLAIM)

10. On or about April 21, 2005, LP Corporation, through its counsel Michael H. Simon, responded to Mr. Hartling's letter of January 14.

11. On May 26, 2005, a telephone hearing was conducted regarding the Craigs' appeal to the Special Master. Participating in the telephone hearing were the undersigned Special Master, D. Jeff Hartling as counsel for the Craigs, Michael H. Simon as counsel for LP Corporation, class counsel Christopher I. Brain, and Rachel Braun from the Office of the Claims Administrator. The telephone hearing was reported by court reporter Dee Johnson.

12. The Amendment to Settlement Agreement, dated April 26, 1996, and approved by the United States District Court for the District of Oregon, states in relevant part at § 9(i) that: "There will be no discovery in arbitration, other than inspection of premises and production of maintenance records."

13. On December 27, 1997, the Special Master issued his decision in the matter of *In re Arbitration Claim of Porter* (December 27, 1997). In that decision, the Special Master held that, for any class member with notice of this policy: "Any Claimant who elects arbitration but removes or destroys any of the Louisiana-Pacific Inner-Seal™ Siding that is to be involved in the arbitration will not be entitled to proceed to arbitration." *Porter* at 5 (citations omitted).

14. On January 6, 1998, the Special Master issued Policy 21.1, which reads in part:

> If a claimant elects arbitration, LP has the right to inspect the LP siding on the claimant's premises. Accordingly, if a claimant intends to remove, alter or cover any of the claimant's LP siding before the arbitration hearing, the claimant must first notify LP of the claimant's intention. LP will then have a thirty-day period within which to complete its inspection. If the claimant removes, alters, or covers over any siding that is involved in the arbitration without providing LP with such advance notice, the claimant will not be permitted to proceed to arbitration with respect to the removed, altered, or covered siding. As used in this policy, the term "alter" does not include routine maintenance, such as painting or caulking.
>
> Comment: This policy, which does not apply to Claims for Unreimbursed Repairs, shall apply only to arbitration claimants who have been sent notice of this policy. For Claimants who have not been sent notice of this

3- SPECIAL MASTER'S ORDER DENYING
ARBITRATION ELIGIBILITY (CRAIG CLAIM)

policy, the right to arbitrate with respect to removed, altered, or covered siding shall be determined by the Special Master on a case by case [basis] . . . .

\* \* \*

A Claimant who believes that the structure in question is experiencing immediate and ongoing damage to the structure (other than damage to the siding itself) may request an exception to this policy from the Special Master. If authorized by the Special Master, such Claimant may proceed to arbitration provided that LP Corporation has reasonable notice of the removal or destruction of the siding in order to have the opportunity to conduct a full inspection.

## CONCLUSIONS OF LAW

15. Based upon the above-stated facts, the Craigs are not eligible to arbitrate Claim No. 158001, and the Claims Administrator properly determined that they are not eligible to arbitrate that claim.

16. The Craigs are entitled to the return of their settlement check in the amount of $6,745.94 plus the return of their $300 arbitration fee.

17. Pursuant to Fed. R. Civ. P. 53(g), any objections to this Order must be filed no later than 20 days from the time that a signed copy of this Order is served on the parties.

18. If no objections to this Order are timely filed within 20 days after service of this Order, the Claims Administrator is directed to return to the Craigs, through their counsel Mr. Hartling, the payments described above in paragraph 16.

IT IS SO ORDERED.

DATED this 9th day of June, 2005.

_____
Hon. Richard L. Unis
Special Master

4- SPECIAL MASTER'S ORDER DENYING
   ARBITRATION ELIGIBILITY (CRAIG CLAIM)

# CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **SPECIAL MASTER'S ORDER DENYING ARBITRATION ELIGIBILITY OF CLASS MEMBERS DAVID AND MARILYN CRAIG** on the following persons by causing to be deposited in the U.S. mail true copies thereof:

Hon. Richard L. Unis
Special Master, LP Siding Litigation
P.O. Box 3240
Portland, OR 97208-3240
Telephone: (503) 669-7286
Fax: (503) 669-7750
   Special Master

Christopher I. Brain
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992
   Class Counsel

D. Jeff Hartling
Attorney at Law
15400 Herriman Blvd.
Noblesville, IN 46060
Telephone: (317) 776-4731
Fax: (317) 773-6444
   Attorney for David and Marilyn Craig

LP Siding Litigation Claims Administrator
Attn.: Rachel Braun
LP Siding Litigation
P.O. Box 3240
Portland, OR 97208-3240
Telephone: (503) 350-5285
Fax: (503) 350-5890
   Independent Claims Administrator

DATED this 9th day of June, 2005.

PERKINS COIE LLP

By: _____
Michael H. Simon, OSB No. 86090

Attorneys for LP Corporation

1- CERTIFICATE OF SERVICE

[09308-0088/PA051460.030]