ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>LOUISIANA-PACIFIC INNER-SEAL™ SIDING LITIGATION | NO. 95-879-JO-LEAD<br><br>SPECIAL MASTER'S ORDER REGARDING JOINT MOTION AGAINST PAUL C. AND RENEE HARRIS TO ENFORCE SETTLEMENT AGREEMENT AND COURT ORDER |

On July 11, 2005, Class Plaintiffs and Louisiana-Pacific Corporation ("LP") filed a joint motion in this class action against class members Paul C. Harris, Sr. and Renee Harris. Class Plaintiffs and LP sought an order enforcing this Court's exclusive and continuing jurisdiction over the action, the parties (including all Class Members), and the administration and enforcement of the Settlement Agreement, all as provided for under this Court's Order, Final Judgment, and Decree dated April 26, 1996. The joint motion concerned a lawsuit brought by the Harrises against LP and others in state court in South Carolina styled *Paul C. Harris, Sr. and Renee Harris v. John Wieland Homes, Inc., et al.* (Case No. 2003-CP-18-1978, Dorchester County Circuit Court, State of South Carolina).

1- SPECIAL MASTER'S ORDER REGARDING
    PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

After the joint motion was fully briefed by Class Counsel, LP and the Harrises, the undersigned Special Master held a telephonic hearing on October 3, 2005. At this hearing, the Harrises were represented by their counsel, Phillip W. Segui, Jr. of Anderson & Segui, L.L.C.; LP was represented by its counsel, Michael H. Simon and Julia E. Markley of Perkins Coie LLP, and James E. Weatherholtz of Buist Moore Smythe McGee P.A.; and Class Plaintiffs were represented by Class Counsel Christopher I. Brain of Tousely Brain Stephens PLLC. Based upon the pleadings, briefing, evidence submitted, and arguments of counsel, the Court hereby finds, rules, and orders as follows:

1. The Harrises own a residence in Summerville, South Carolina on which LP Exterior Inner-Seal™ Siding (the "LP Siding") was installed in 1995. *See Transcript from October 3, 2005 Hearing ("Hearing Tr.")* at 5.

2. This Court expressly retained continuing and exclusive jurisdiction over all class members and over the administration, implementation, interpretation, and enforcement of the Settlement Agreement, as amended, in this class action lawsuit. *See Hearing Tr.* at 5.

3. The Harrises did not file a timely notice of exclusion from this class action and do not dispute that they are class members. Accordingly, the Harrises are class members and are bound by the terms, conditions, and obligations of the Settlement Agreement, as amended, and the Orders of this Court interpreting the Settlement Agreement and enforcing the Order, Final Judgment, and Decree entered on April 26, 1996, which approved this class action settlement. *See Hearing Tr.* at 5-6.

4. On or about November 17, 2003, the Harrises filed an Amended Complaint in their lawsuit styled *Paul C. Harris, Sr. and Renee Harris v. John Wieland Homes, Inc., et al.* (Case No. 2003-CP-18-1978, Dorchester County Circuit Court, State of South Carolina), naming several defendants, including LP, the builder of their residence, and the Siding installer. *See Hearing Tr.* at 6. In that lawsuit, the Harrises allege claims based on alleged defects in LP

2- SPECIAL MASTER'S ORDER REGARDING
   PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

Siding. *See Hearing Tr.* at 6-7. The Harrises specifically allege that defective LP Siding caused consequential damages to the structural components of their residence. *See Hearing Tr.* at 6-7. The builder has asserted claims against LP for indemnity, negligence, breach of warranty and strict liability. *Hearing Tr.* at 7.

5. After several conferences with LP, the Harrises, on June 6, 2005, filed a stipulation in South Carolina State Court to limit their claims against the builder and the Siding installer consistent with the national class action Settlement Agreement in *In re Louisiana-Pacific Inner-Seal™ Siding*. *See Hearing Tr.* at 7-8.

6. However, as against LP only, the Harrises retained a claim that LP Siding caused consequential damages to component parts of their home, including sheathing, framing, insulation, sheetrock, and other interior materials and finish items. *See Hearing Tr.* at 8.

7. On July 11, 2005, defendant LP and Class Plaintiffs filed with this Court a joint motion seeking a determination that the Harrises' potential recovery from LP for alleged failure of LP Siding is limited to consequential damages to damaged structural components of the Harrises' home, such as sheathing and framing, and that damages to the nonstructural components of the Harrises' home, such as insulation, sheetrock, interior materials and finish items are not recoverable. LP and Class Plaintiffs also seek a determination that the Harrises cannot recover damages for emotional distress or punitive damages. *See Hearing Tr.* at 8-9.

8. The issue for this Court to decide is whether damages to non-structural components of the Harrises' home resulting from the process of replacing structural components allegedly damaged by LP Siding are recoverable from LP. *Hearing Tr.* at 10.

9. Under the settlement, LP accepts full financial responsibility, pursuant to the terms of the Settlement Agreement as amended, for damaged or failed Exterior Inner-Seal™ Siding, regardless of whether the siding was improperly installed or maintained. Corrected Opinion dated June 3, 2004 in *Clark & Son Construction, Inc.'s Motions Against CSV Limited*

3- SPECIAL MASTER'S ORDER REGARDING
PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

*Partnership to Enforce Settlement and Motion for Declaratory Relief* ("*Clark & Son*") at 20; Order dated April 14, 2005, in *Motion Against Antelope Associates to Enforce Settlement Agreement* ("*Antelope Assoc.*") ¶ 11.

10. Class Members fully and unconditionally released LP and all individuals and companies involved in the distribution, installation, construction and first time sale of structures with Exterior Inner-Seal™ Siding from all claims arising from or in any way related to the promotion, design, manufacture, production, sale, distribution, or assembly of Exterior Inner-Seal™ Siding, and/or any defects or alleged defects in Exterior Inner-Seal™ Siding, or any part thereof, other than "any claim for consequential damages to other structural components caused by the failure or repair of Exterior Inner Seal™ Siding" and certain other claims not relevant to this motion. Amendment to Settlement Agreement ¶ 1.3; *see Clark & Son* at 20; *Antelope Assoc.* ¶ 12.

11. Included among the consideration that LP bargained for (and is entitled to receive) in the Settlement is relief from the risk and expense associated with defending itself against third-party claims brought by builders/installers (or any other person or entity in the chain of distribution, installation, construction, finishing, or use of the Exterior Inner-Seal™ Siding) who find themselves sued by class members asserting settled or released claims alleging damage arising from or in any way related to the promotion, design, manufacture, production, sale, distribution, or assembly of Exterior Inner-Seal™ Siding, and/or any alleged defects in Exterior Inner-Seal™ Siding, or any part thereof. *Clark & Son* at 20-21; *Antelope Assoc.* ¶ 13; *see also Hearing Tr.* at 35.

12. The phrase "consequential damages to other structural components" does <u>not</u> include damage to Exterior Inner-Seal™ Siding, for which LP, under the Settlement, accepted full financial responsibility. Nor does that phrase include damage to any of the components of compensation of the R.S. Means rate, which are considered part of the cost of replacing damaged

4- SPECIAL MASTER'S ORDER REGARDING
PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

Exterior Inner-Seal™ Siding. These components, as previously stated elsewhere, include, among other things, exterior molding, corner boards, door and window flashing, vapor or weather barriers, and caulking. The phrase "consequential damages to other structural components" refers to such items as sheathing and framing that are part of the "structure" of the affected property. *Clark & Son* at 23; *Antelope Assoc.* at ¶ 23; *Hearing Tr.* at 26.

13. The phrase "consequential damages to other structural components" does not include non-structural components that are or may be damaged as a result of the process of replacing structural components allegedly damaged by LP Siding. *Hearing Tr.* at 42-43. Thus, the cost of removing and replacing the Siding and non-structural components such as sheetrock, insulation, interior materials, and finish items, and the factors that are considered in the R.S. Means rate are <u>not</u> recoverable damages in a claim against LP for consequential damages to other structural components. *Hearing Tr.* at 46-47.

14. As pleaded and stipulated to by the Harrises, the Harrises are barred in their South Carolina state court lawsuit from pursuing against LP claims for damaged sheetrock, insulation, interior materials and finish items. *Hearing Tr.* at 46-47. The Harrises' potential damages from LP, based on their current pleadings, are limited to damages for sheathing and framing. *Hearing Tr.* at 58. The parties have stipulated that the Harrises may also claim as potential damages from LP compensation for mechanical fasteners (such as nails, screws, and the like) used in the replacement of the damaged sheathing and framing. *See Hearing Tr.* at 58-60. The Harrises also stipulated that, if they intend to seek from LP damages for any other component (other than sheathing, framing, and mechanical fasteners defined herein), then the Harrises will so notify LP in time for this Court to rule on the issue, if necessary, prior to trial.

15. The Harrises stipulated by letter to the Court dated September 7, 2005, and again at oral argument that the Harrises do not claim from LP either punitive damages or emotional distress damages. *See Hearing Tr.* at 49.

5- SPECIAL MASTER'S ORDER REGARDING
PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

16. Accordingly, the Court GRANTS Class Plaintiffs' and LP's joint motion to enforce the settlement agreement against Paul C. Harris, Sr., and Renee Harris. *See Hearing Tr.* at 51. LP's and Class Plaintiffs' request for attorney fees incurred in the preparation of their joint motion to enforce is denied. *Hearing Tr.* at 42-43.

17. Pursuant to Fed. R. Civ. P. 53(g), any objections to this Order must be filed no later than 20 days from the time that this Order is served on the parties and entered in the register of the Court.

**IT IS SO ORDERED.**

DATED this 1st day of November, 2005.

_____
Hon. Richard L. Unis
Special Master
LP Siding Litigation

Submitted by:
Michael H. Simon
Julie E. Markley
PERKINS COIE LLP
Attorneys for LP Corporation

6- SPECIAL MASTER'S ORDER REGARDING
PAUL C. AND RENEE HARRIS

[09308-0210/PA052780.081]

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

# CERTIFICATE OF SERVICE

This is to certify that on November 2, 2005, a copy of the following **SPECIAL MASTER'S ORDER REGARDING MOTION AGAINST PAUL C. AND RENEE HARRIS TO ENFORCE SETTLEMENT AGREEMENT AND COURT ORDER** was served this day, via U.S. Mail, correct postage prepaid, to the following counsel of record:

Hon. Richard L. Unis
Special Master, LP Siding Litigation
P.O. Box 3240
Portland, OR 97208-3240

    Special Master, LP Siding Litigation

Christopher I. Brain
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101-7332

    Co-Lead Class Counsel,
    LP Siding Litigation

John T. Chakeris
The Chakeris Law Firm
231 Calhoun Street
PO Box 397
Charleston, SC 29402

    Attorneys for Paul C. Harris, Sr.
    and Renee Harris

Mr. Phillip W. Segui, Jr.
Anderson & Segui, L.L.C.
37 1/2 Broad Street
PO Box 87
Charleston, SC 29402

    Attorneys for Paul C. Harris, Sr.
    and Renee Harris

Mr. Thomas C. Hildebrand, Jr.
Haynsworth Sinkler Boyd, P.A.
PO Box 340
Charleston, SC 29402

    Attorneys for
    John Wieland Homes, Inc., et al.

William Mark Koontz
Smith, Collins & Newton, P.A.
7455 Cross County Road, Suite One
PO Box 40578
N. Charleston, SC 29423

    Attorneys for Terry Walton
    Williams, d/b/a Psycho Construction

1- CERTIFICATE OF SERVICE

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

[09308-0210/PA052780.081]

James E. Weatherholtz
Buist Moore Smythe McGee P.A.
5 Exchange Street
Charleston, SC 29401

    Attorneys for LP Corporation

                          **PERKINS COIE LLP**

                      By: _____
                          Michael H. Simon, OSB No. 86090
                          Julia E. Markley, OSB No. 00079

                    Attorneys for LP Corporation

1- CERTIFICATE OF SERVICE

[09308-0210/PA052780.081]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222