IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE:  )<br>)<br>LOUISIANA-PACIFIC INNER-SEAL SIDING  )<br>LITIGATION  )<br>)<br>)<br>)<br>) | No. 3:95-cv-00879-JO (LEAD)<br><br>O R D E R |

JONES, Judge:

      Louisiana-Pacific ("L-P") moves (# 719) to enforce the court's July 26, 2012, order that required Canterbury Apartment Homes LLC ("Canterbury"), a class member in the Inner-Seal Siding Litigation, to dismiss with prejudice all claims Canterbury alleges in his Washington state court complaint, filed in November 2011, except its claim under the L-P 25-year limited warranty.[1] Evidently, trial in the Washington state case is set to commence on November 13, 2012.

---

[1] L-P represents that Class Counsel joins in this motion to the extent it seeks a ruling that the Canterbury's sole and exclusive remedy is the remedy stated in the 25-year limited warranty. See L-P's Motion to Enforce, p. 2.

According to L-P, although Canterbury is now pursuing only the warranty claim, it nonetheless intends to seek damages in the sum of $900,000 for full replacement cost, rather than the remedy stated in the warranty; that is, twice the retail cost of the damaged siding less the appropriate aging deduction.

Although L-P frames the pending motion as a request to enforce my earlier opinion and order, I did not make any determination concerning Canterbury's damages, only the claims it could pursue. I ruled that:

> [P]laintiff [Canterbury] is a class member and plaintiff's remedy, if any, is the 25-year warranty. L-P claims that plaintiff cannot pursue the warranty claim in state court, but the warranty does not contain any language precluding state court action. Thus, I grant L-P's and Class Counsel's motion ( # 694) with respect to all of plaintiff's claims except the warranty claim.

Opinion and Order, p. 8. Thus, there is nothing for this court to "enforce" concerning the amount Canterbury may seek as damages other than the limitation to warranty damages.

L-P goes further and requests a ruling that Canterbury's damages under the warranty are limited to the sum of $74,361. See Reply in Support of Motion to Enforce, pp. 7-8. I agree with Canterbury that L-P's motion "in reality appears to be a back door attempt to obtain summary judgment . . . without the requisite notice and without a complete presentation of the relevant facts through sworn testimony." Canterbury's Opposition to LP's Motion, p. 23. Although L-P and Class Counsel both press this court to interpret the warranty and determine Canterbury's damages as a matter of law, I decline to do so. The Washington state trial court is in the best position to interpret the warranty in light of Washington law, and to make rulings concerning Canterbury's remedies and damages. If L-P disagrees with the Washington court's ultimate rulings, L-P's remedy is an appeal, not an order of enforcement issued from this court.

2 - ORDER

In summary, L-P's motion (# 719) is DENIED. L-P's request for attorney fees is also denied.

IT IS SO ORDERED.

DATED this 1st day of November, 2012.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

3 - ORDER